E-FILED
Wednesday, 06 April, 2022  04:02:27 PM
Clerk, U.S. District Court, ILCD

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

MICAH MOWEN, JEFF BOSAW,
and BUDDY GUNTER,          )
   Plaintiff,          )
                        )
   vs.          )          Case No. 21-4171
                        )
KNOX COUNTY SHERIFF'S          )
DEPARTMENT, et. al.,          )
   Defendants          )

MERIT REVIEW ORDER

JAMES E. SHADID, U.S. District Judge:

This cause is before the Court for merit review of the Plaintiffs' complaint. The Court is required by 28 U.S.C. §1915A to "screen" the Plaintiffs' complaint, and through such process to identify and dismiss any legally insufficient claim, or the entire action if warranted. A claim is legally insufficient if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. §1915A.

The complaint purports to be signed by three Knox County Jail detainees or inmates: Micah Mown, Jeff Bosaw, and Buddy Hall Gunter. The Plaintiffs' have identified ten Defendants including the "Knox County Sheriff's Department/Law Enforcement Center," Jail Administrator Louie Glossip, Chief Brad Abernathy, Knox County, Knox County Sheriff David Clague, the Knox County Board, Advanced Correctional Healthcare, the Illinois Department of Corrections, and "Louis Glossip (Citizen)," and "Brad Abernathy (Citizen)." (Comp., p. 1).

1

The 101-page complaints include 102 supporting paragraphs, 31 alleged counts, and supporting caselaw.  There are numerous problems with the Plaintiffs' filing.   For instance, Plaintiffs have provided a confusing array of Defendants.  Plaintiffs cannot sue a building such as the "Law Enforcement Center" pursuant to 42 U.S.C. §1983. *See White v. Knight*, 710 F. App'x 260, 262 (7th Cir. 2018); *Laughman v. Baker*, 2020 WL 5653397, at *1 (S.D.Ind. Sept. 23, 2020).  In addition, Plaintiffs should not list Defendants twice. Plaintiffs may sue an individual in his or her individual capacity based on the defendant's direct involvement in allegations and they may sue some individuals in their official capacities based on a policy, practice, or custom.  *See Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 690 n.55 (1978). In addition, "suit against an individual in his or her official capacity is a suit against the municipality, and a municipality does not enjoy qualified immunity from a damage claim under 42 U.S.C. § 1983." *Armstrong v. Squadrito,* 152 F.3d 564, 582 (7th Cir. 1998).

Plaintiffs' 102 supporting paragraphs are also a violation of Rule 8 of the Federal Rules of Civil Procedure which requires "a short and plain statement of the claim showing the pleader is entitled to relief." *See* Fed.R. Civ.P. 8(a)(2).  Some of the paragraphs are vague and nonsensical such as: "these substantial intrusions on detainees' rights + liberties have + keep increasing but the significance of counter vailing governmental objectives has not." (Comp., para. 34).  Most paragraphs provide no supporting factual basis such as: "Christian Detainees have and continue to suffer from lack of/and refusal of fellowship and services." (Compa., para. 20). Are the three

Plaintiffs Christian detainees?  Have they requested services or other forms of worship?
When and which Defendant was involved?

The Plaintiffs 31 alleged counts also fail to provide factual support, fail to explain
the specific impact on the named Plaintiffs, fail to provide time frames, and in most
cases, fail to clearly state a constitutional violation.

Plaintiffs further cannot combine unrelated claims against different Defendants
in one lawsuit. *See* Fed.R.Civ.P. 18, 20. "[M]ultiple claims against a single party are fine,
but Claim A against Defendant 1 should not be joined with unrelated Claim B against
Defendant 2." *George v Smith,* 507 F.3d 605, 607 (7th Cir. 2007).  A prisoner may not
dodge the filing fee or three strikes provision of 28 U.S.C. §1915(g) by attempting to file
separate claims in one lawsuit.  In other words, Plaintiffs' claims involving a denial of
medical care are not clearly related to claims involving a denial of religious services.
Furthermore, claims involving the Knox County Jail are not related to claims against the
Illinois Department of Corrections.  Plaintiffs are also reminded they each must be able
to demonstrate they have personally exhausted their administrative remedies for every
claim alleged.

The Court acknowledges that "*pro se* litigants are held to a lesser pleading
standard than other parties," *Federal Exp. Corp. v. Holowecki,* 552 U.S. 389, 402 (2008); *see
also McGowan v. Hulick,* 612 F.3d 636, 640 (7th Cir.2010) (noting that the district court
must construe a *pro se* complaint liberally). However, "where the lack of organization
and basic coherence renders a complaint too confusing to determine the facts that
constitute the alleged wrongful conduct, dismissal is an appropriate remedy." *Stanard,*

658 F.3d at 798; *Lindell v. McCallum*, 352 F.3d 1107, 1110 (7th Cir.2003) ("If a complaint's length and lack of clarity make it unintelligible, dismissal under Fed. R. Civ. P. 8(a) is permitted.... though leave to replead should ordinarily be granted.")(citations omitted); *Vicom, Inc. v. Harbridge Merchant Services, Inc.,* 20 F.3d 771, 775–76 (7th Cir. 1994)(" A complaint that is prolix and/or confusing makes it difficult for the defendant to file a responsive pleading and makes it difficult for the trial court to conduct orderly litigation."); *Johnson v. Village of Brooklyn, IL*, 2015 WL 4148374, at *3 (S.D.Ill. July 9, 2015) ("Because Plaintiff's complaint is too muddled for either the Court or Defendants to manage, it shall be dismissed without prejudice.").

Since the Plaintiffs are proceeding *pro se,* the Court will allow one opportunity to file an amended complaint.   However, Plaintiffs MUST follow the Court's specific instructions:

> 1) Plaintiffs must not include unrelated claims against different Defendants in one lawsuit.

> 2) Plaintiffs must abide by Federal Rule of Civil Procedure 8.  They must provide a short and plain statement of each claim including what happened, when, which defendants were involved, and how it impacted the three Plaintiffs.

> 3) Plaintiffs musts not include caselaw or argument in their complaint.

Finally, Plaintiffs must decide if they want to continue to bring their claims together in the same lawsuit.  District courts are required to accept joint complaints *if* they meet the criteria of Federal Rule of Civil Procedure 20.  "That said, a district court may turn to other rules of civil procedure to manage a multi-plaintiff case. For example, if appropriate, claims may be severed pursuant to Rule 20(b), pretrial orders may be

4

issued providing for a logical sequence of decision pursuant to Rule 16, parties improperly joined may be dropped pursuant to Rule 21, and separate trials may be ordered pursuant to Rule 42(b)." *Kammeyer v. True*, 2019 WL 3458791, at *1 (S.D.Ill. July 31, 2019); *citing Boriboune v. Berge*, 391 F.3d 852, 854 (7th Cir. 2004).

The Seventh Circuit Court of Appeals has also advised district court they should inform Plaintiffs of the consequences of multi-plaintiff lawsuits. *Boriboune,* 391 F.3d 852.

> [E]ach plaintiff assumes the risk of sanctions for improper conduct by another plaintiff; and if the claims submitted contain unrelated claims against unrelated defendants, those claims may be severed into one or more new cases, with filing fees owing for each severed case. Plaintiffs can reduce the risk of many of these problems by filing on their own, and for that reason district courts are encouraged to warn *pro se* plaintiffs of the risks of joining together before allowing them to proceed collectively. The (Plaintiffs) should consider themselves warned—if the amended complaint is brought by them all and signed by them all, the case will proceed as a multi-plaintiff one, presuming joinder is proper under the federal rules. *Ditterline v. Mounds Police Department*, 2015 WL 13832612, at *1 (S.D.Ill. Dec. 7, 2015).

Plaintiffs are also advised if one plaintiff is accessed a strike pursuant to 28 U.S.C. § 1915(g) (the "strike-out" statute), all co-plaintiffs will also be accessed a strike. *See Ross v. Hardy*, 2013 WL 951164, at *2 (N.D.Ill. March 12, 2013).

IT IS THEREFORE ORDERED:

1) Plaintiffs' complaint is dismissed as a violation of Federal Rules of Civil Procedure 8, 18, 20.  *See also George v Smith,* 507 F.3d 605, 607 (7th Cir. 2007).

2) If the Plaintiffs wish to proceed with this case collectively, Plaintiffs must file their Amended Complaint on or before April 25, 2022.  The Amended Complaint

replaces the previous complaint. Therefore. it must stand on its own, without reference to any other pleading.

3) If the Plaintiffs instead wish to proceed individually, each Plaintiff should file an Amended Complaint on or before April 25, 2022, detailing how his rights were violated and how each Defendant was involved in that violation. Each Plaintiff's case will then be severed into a separate action.

4) The Court will strike any proposed complaint which ignores the Court's directions. In addition, if an amended complaint is not filed by April 25, 2022 deadline, this case will be dismissed with prejudice.

5) To assist the Plaintiffs, the Clerk is directed to provide each Plaintiff with a complaint form. The Clerk is also directed to reset the internal merit review deadline within 30 days of this order.

ENTERED this 6th day of April, 2022.


s/ James E. Shadid

_____
JAMES E. SHADID
UNITED STATES DISTRICT JUDGE